UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN FULLER<br>    LA. DOC #100026<br>VS. | CIVIL ACTION NO. 6:11-cv-2235<br><br>SECTION P<br><br>JUDGE HAIK |
| THE STATE OF LOUISIANA | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

*Pro se* plaintiff John Fuller, proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on December 30, 2011. Fuller is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary where he is serving a life sentence imposed by the Louisiana Fifteenth Judicial District Court for Acadia Parish following his conviction in the 1980's for first degree murder. Fuller claims that the procedure used to select the foreperson of the Grand Jury which indicted him on January 23, 1981 was unconstitutional. He names the State of Louisiana as the sole defendant. By this action, Fuller seeks an "injunction . . . prohibiting his continued confinement" [Doc. 1, ¶V], as well as compensatory and punitive damages for thirty years of continuous confinement and involuntary servitude. [Doc. 1, p. 6].

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 1981, the Acadia Parish Grand Jury indicted Fuller on a charge of First Degree Murder. [Doc. 1-1, Exhibit A]. Fuller was ultimately convicted as charged and sentenced to death. On direct appeal, the Louisiana Supreme Court affirmed Fuller's conviction, but remanded the case for determination as to whether Fuller's counsel rendered ineffective assistance at the penalty phase. *See State of Louisiana v. John F. Fuller*, 454 So.2d. 119 (La. 1984). At some point thereafter, Fuller's death sentence was apparently vacated and Fuller was re-sentenced to serve life imprisonment.

In this civil rights action, citing *Campbell v. Louisiana*, 118 U.S. 1419 (1998), Fuller alleges that the State of Louisiana violated his civil rights by authorizing Louisiana Courts to appoint Grand Jury forepersons in a discriminatory manner pursuant to the discretionary selection process provided by the provisions of former article 413 of the Louisiana Code of Criminal Procedure. [Doc. 1, ¶IV]. In support of his claim, Fuller submits what purports to be a list of the Acadia Parish Grand Jury forepersons from 1960-1997 [Doc. 1-1, pp. 3-5], and a copy of the former statute as it read before it was amended in 1999 following the Supreme Court's decision in *Campbell*. [Doc. 1-1, Exhibit B].

## LAW AND ANALYSIS

### I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Fuller has set forth specific facts which he claims entitles him to relief and he has pleaded his best case. The facts alleged by Fuller have been accepted as true for the purposes of this Report. Nevertheless, Fuller's claim is subject to dismissal for the reasons that follow.

## II.  *Habeas Corpus*

By this action, Fuller seeks an "injunction . . . prohibiting his continued confinement." Thus, in essence, he seeks his immediate release from custody. Such relief is simply not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). A *habeas corpus* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th

Cir. 1989). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Accordingly, Fuller must pursue his challenge in federal court through application for writ of *habeas corpus* under the provisions of 28 U.S.C. § 2254, not in a § 1983 lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Therefore, Fuller's §1983 complaint, insofar as it seeks his immediate release from custody, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

### III. *Heck v. Humphrey*

Fuller also seeks monetary damages from the defendant in connection with his state criminal proceeding, which resulted in his conviction for first degree murder and life sentence imposed by the Fifteenth Judicial District Court, based on his allegedly unconstitutional indictment.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[1] The undersigned notes that any *habeas corpus* action which Fuller may file would likely be dismissed as time-barred.

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  A claim for damages relating to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371.  Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated.  *Id.*

     Fuller's claim of discrimination in the selection of the Grand Jury foreperson would, if true, necessarily implicate the validity of his state court criminal proceeding and the conviction and sentence imposed therein.  Fuller does not contend that his first degree murder conviction or his life sentence have been reversed, expunged, or declared invalid. To the contrary, the published jurisprudence of the State of Louisiana demonstrates that Fuller's conviction was affirmed by the Louisiana Supreme Court on June 25, 1984.  *See State of Louisiana v. John F. Fuller*, 454 So.2d. 119 (La. 1984).  No federal court has issued a writ of *habeas corpus*.

While Fuller argues that his first degree murder conviction and resulting sentence are invalid because his indictment was unconstitutional, Fuller stands convicted, and his conviction was, in part, the result of the alleged illegal action of the defendant.

Thus, it is clear that if this court were to grant Fuller the damages he seeks, that ruling would necessarily implicate the validity of Fuller's conviction and sentence. Accordingly, Fuller's claim, which is directed at the validity of his criminal prosecution and resulting conviction and sentence, are barred by *Heck*. The claim is not cognizable under 42 U.S.C. § 1983 at this time. This claim must therefore be dismissed with prejudice for failure to state a cognizable claim  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").[2]

For the reasons set forth above;

**IT IS RECOMMENDED** that Fuller's *habeas corpus* claim be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief upon which relief may

---

[2] Plaintiff's claim for compensatory and punitive damages against the State of Louisiana is subject to dismissal on alternate grounds, that is, Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution bars action against a state in federal court. The Eleventh Amendment provides that states are immune from suit for damages in federal court by citizens of the state, as well as citizens of other states, unless the state consents to suit. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).  Section 1983 does not abrogate the states' Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). While immunity can be waived, the State of Louisiana has not waived its sovereign immunity. To the contrary, Louisiana has expressly refused to waive its Eleventh Amendment immunity. *See* La.Rev.Stat.Ann. 13:5106; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that Fuller's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 7th day of May, 2012.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE